UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL DUDLEY EL,                                        Case No. 14-11927

              Plaintiff,                              Arthur J. Tarnow
v.                                                      United States District Judge

DONALD MAKOWSKI, ET AL.,                                 Stephanie Dawkins Davis
                                                        United States Magistrate Judge

              Defendant.
_____/

**REPORT AND RECOMMENDATION**
**DEFENDANTS' MOTION TO DISMISS (Dkt. 53)**

## I.     PROCEDURAL HISTORY

Plaintiff, Darryl Dudley El filed a civil rights Complaint on May 8, 2014.
(Dkt. 1).  The events giving rise to the Complaint concern actions that occurred
while plaintiff was incarcerated at the Huron Valley Men's Correctional Facility
(HVMF) in Ypsilanti, Michigan.[1]  On September 10, 2014, District Judge Arthur
J. Tarnow dismissed the Michigan Department of Corrections and the Michigan
Department of State Police.  (Dkt. 8).  On December 4, 2015, MDOC defendants
*retired* Corrections Officer (C/O) William Bedell, former Director Robert Brown,
Jr., and *retired* Warden Kenneth Robinson filed a motion to dismiss pursuant to
Fed. R. Civ. P. 12(b)(6) arguing that plaintiff's complaint is time-barred for failing

---

[1] The Huron Valley Men's Correctional Facility closed on April 4, 2009.

to commence the suit within the applicable period of limitations. (Dkt. 53). Director Brown also argues that he is entitled to dismissal because he was not personally involved in the alleged unconstitutional activity thereby precluding 42 U.S.C. § 1983 liability. Plaintiff responded on January 7, 2016. (Dkt. 56). Judge Tarnow referred all pretrial matters in this case to the undersigned on February 8, 2016, including the instant motion to dismiss. (Dkt. 57). The motion is now ready for report and recommendation.

The undersigned has reviewed all pleadings associated with the motion to dismiss and being otherwise fully advised **RECOMMENDS** that defendants' motion to dismiss (Dkt. 53) be **GRANTED** and that MDOC defendants William Bedell, Robert Brown, Jr., and Kenneth Robinson be **DISMISSED** with prejudice.

## II.    FACTUAL BACKGROUND

In his civil rights complaint, plaintiff alleges that on October 10, 1986, defendant Kenneth Robinson called him into his office to question him about the stabbing of two prison guards that occurred on September 26, 1986. (Dkt. 1, ¶ 28). Plaintiff says that he denied any involvement in the stabbing of the guards, but Robinson allegedly threatened: "when you put one of us in the hospital, we put you in the hospital." (*Id*.) On October 26, 1986, plaintiff and three other prisoners (Darnel Lowe Bey, Keith Robinson, and James Miller) were placed in leg irons, handcuffed with black box and belly-chains secured with pad-locks, and were

2

chained together under armed prison guard escort, placed in a State van to be taken to court. (*Id*. ¶ 30). Plaintiff alleges that following their court business, the prisoners were not immediately returned to the prison compound. Rather, C/O Bedell, in accordance with defendant C/O Carl Maynard's instructions, followed Maynard while defendant C/O Dennis Royzer quietly looked on. (*Id*. ¶ 33). They drove to the premises of the Michigan State Police Post located at 1501 Whitaker Rd., Ypsilanti, Michigan. (*Id*.) C/O Maynard indicated that he had taken the prisoners to the Police Post to be photographed and fingerprinted. (*Id*. ¶ 36). The prisoners questioned C/O Maynard's authority to take them to the Police Post and asked to be immediately returned to HVMF. (*Id*.) After conferring with C/Os Bedell and Royzer, C/O Maynard allegedly returned to the police van and told plaintiff and his fellow prisoners that he would write each of them a ticket if they did not get out of the van. (*Id*. ¶ 37). The prisoners explained to C/Os Bedell and Royzer that in the absence of a court order or other valid authority requiring them to submit to fingerprinting and photographing, they had no business being at the Police Post and wanted to return to HVMF. (*Id*.)

At this point, C/O Maynard allegedly exited the Police Post with C/O Beeson, who opened the van door and stated "what's the problem with you guys not wanting to come in?" (Dkt. 1, ¶ 38). When the prisoners provided the same explanation as they did previously, C/O Beeson became angry and a verbal

3

altercation ensued between C/O Beeson and prisoner Lowe Bey. (*Id*.) Eventually, C/O Beeson stated "you black bastards wait here, I'll be back" and he returned with fifteen State troopers who ordered "get them niggers out of that van." (*Id*. ¶ 39). The State troopers then opened the sliding van door and pulled prisoner Robinson out of the van by his feet and leg-irons onto the ground, causing prisoner Miller who was chained to him to follow. (*Id*. ¶ 40). Once they were on the ground, the troopers sat on them with clinched fists, kicks, elbows, and knees until they were bloody and unconscious. (*Id*.) C/O Beeson then ordered the troopers to "get the big mouth one and one with the glasses" referring to prisoner Lowe Bey and plaintiff. (*Id*.) Trooper Gray savagely beat and struck prisoner Lowe Bey about the head and chest area until he was unconscious. (*Id*.) Trooper Gray struck plaintiff in the mouth, head, neck and lower back until he was also rendered unconscious. (*Id*.)

The prisoners were eventually forced to take fingerprints and photographs. (Dkt. 1, ¶ 42). Afterwards, they were taken back to HVMF. (*Id*.) C/Os Maynard, Bedell and Royzer deposited the prisoners in a holding tank behind the HVMF Control Center and attempted to exit the building. (*Id*. ¶ 43). Plaintiff and the other prisoners flagged down Lt. Robert Hughes, who had the prisoners examined, photographed, and had their statements taken. (*Id*.) According to plaintiff, C/Os Maynard, Royzer and Bedell were ordered not to leave the prison grounds without

4

filing reports. (*Id*.) Plaintiff claims that he has suffered from recurring back problems and pain for over twenty years since the date of this incident. (*Id*. ¶ 45). Plaintiff further indicates that he suffers from mental anguish and humiliation. (*Id*. ¶ 46).

## III.   LEGAL ANALYSIS AND CONCLUSIONS

### A.   Statute of Limitations

Because Congress did not specifically adopt a statute of limitations governing § 1983 actions, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003), *citing Wilson v. Garcia*, 471 U.S. 261, 275-276 (1985). The Sixth Circuit has held that the "appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims." *Drake v. City of Detroit, Michigan*, 266 Fed. Appx. 444, 448 (6th Cir. 2008), *citing* Mich. Comp. Laws § 600.5805(10); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004); *see also Owens v. Okure*, 488 U.S. 235, 249-250, (1989) (Where "state law provides multiple statutes of limitation for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."). The characterization of a claim, including the determination of when the cause of action accrued, is determined by

federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995) (While statutes of limitations and tolling principles are governed by state law, the question of when a federal civil rights claim accrues remains one of federal law.). The statute of limitations begins to run under federal law "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). "In determining when the cause of action accrues in section 1983 actions, [courts] have looked to what event should have alerted the typical lay person to protect his or her rights." *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997).

In this case, plaintiff alleges § 1983 claims against several defendants, including the moving defendants (Bedell, Brown, and Robinson) arising from events that occurred almost thirty years ago - in September and October of 1986. The allegations in the Complaint specifically center around a September 26, 1986 incident in which two corrections officers were stabbed. According to plaintiff, on October 10, 1986, Warden Kenneth Robinson tried to "brow beat" him into confessing that he was a part of the attack. When Dudley refused, Robinson stated: "when you put one of us in the hospital, we put you in the hospital." (Dkt. 1, ¶ 28). That same day, plaintiff and three other prisoners were taken to court to be arraigned on criminal charges. The prison van was driven by C/O Bedell.

After the arraignment, C/O Maynard instructed C/O Bedell to drive the van to the State Police Post. Once at the State Police Post, all of the prisoners refused to get out the van and were ultimately forced out the van and allegedly beaten by Michigan State Troopers, and then forced to have their fingerprints and photographs taken. (Dkt. 1, ¶¶ 33, 33). Plaintiff alleges that despite filing a grievance over the situation, Director Robert Brown, Jr. failed to take any action. (*Id*. ¶ 24).

Regardless of the constitutional theory under which plaintiff's claims are pursued, they all began to accrue no later than October 26, 1986, according to the plain and clear allegations set forth in the Complaint. All of plaintiff's claims expired under the statute of limitations approximately 27 and one-half years before he filed his Complaint on May 8, 2014. Thus, absent the application of equitable tolling, plaintiff's claims are barred by the statute of limitations.

To cure the lengthy delay in bringing this action, plaintiff asks this court to construe the time that he was in prison as a "legal disability" under Mich. Comp. Laws § 600.5851(10), thus tolling the limitations period. (Dkt. 56, Pg ID 168). However, it is well-settled that "[i]ncarceration is no longer a basis for tolling the statute of limitations. Mich. Comp. Laws § 600.5851(9), (10) (effective April 1, 1994)." *Stafford v. Vaughn*, 173 F.3d 430 (6th Cir. 1999) (*unpublished opinion*). Plaintiff was aware of his alleged injuries at the time that they occurred and yet he

7

waited over 27 years to bring his claims.  Indeed, in his Complaint he alleges that

he "has suffered reoccurring back problems and pain for over twenty years since

the date of this incident, with little to no help from the MDOC Medical Staff."

(Dkt. 1, Pg ID 9).  Moreover, for statute of limitations purposes, the focus is on the

alleged illegal acts and not on the time at which the consequences of those acts

become most painful.  *See Chardon v. Fernandez*, 454 U.S. 6, 8 (1981).  For these

reasons, the undersigned recommends that the claims against defendants Bedell,

Brown and Robinson be dismissed as time-barred.

 B. Personal Involvement

 Defendant MDOC Director Robert Brown also argues that he was not

personally involved in the alleged unconstitutional activity thereby precluding 42

U.S.C. § 1983 liability.  To prevail on a § 1983 claim, a plaintiff must show

personal involvement by the defendant in the constitutional violation.  *Monell v.

Dep't of Soc. Serv.*, 436 U.S. 658, 691-92 (1978); *Taylor v. Michigan Dep't of

Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that

the defendant participated, condoned, encouraged, or knowingly acquiesced in

alleged misconduct to establish liability).  The theory of *respondeat superior* is

not applicable in the context of § 1983 liability.  *Grinter v. Knight*, 532 F.3d 567,

575 (6th Cir. 2008); citing *Miller v. Calhoun County*, 408 F. 3d 803, 816 n.3 (6th

Cir. 2005).  A claimed constitutional violation must be based on active

unconstitutional behavior. *Id.*; *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'").

Here, plaintiff did not assert any factual allegations regarding Director Brown's personal involvement in the complained-of acts. Rather, plaintiff only alleges that Director Brown did not rectify the situation when brought to his attention via the grievance procedure. The undersigned finds that these allegations are simply not enough to show that Brown actively participated in a constitutional violation. *See Monell*, 436 U.S. at 691-692. For this additional reason, the undersigned recommends that Director Brown is also entitled to dismissal on that ground.

## IV.   RECOMMENDATIONS

For the above-stated reasons, the undersigned recommends that defendants' motion to dismiss (Dkt. 53) be **GRANTED** and that MDOC defendants William Bedell, Robert Brown, Jr., and Kenneth Robinson be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 11, 2016                          s/Stephanie Dawkins Davis
                                               Stephanie Dawkins Davis
                                               United States Magistrate Judge

10

# **CERTIFICATE OF SERVICE**

I certify that on August 11, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Darryl Dudley El, 700 Merton, Apt. 4, Highland Park, MI 48203.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov