UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL DUDLEY EL, | Case No. 14-11927 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| DONALD MAKOWSKI, ET AL., | U.S. MAGISTRATE JUDGE |
| | STEPHANIE DAWKINS DAVIS |
| Defendants. | |
| _____/ | |

# ORDER ADOPTING REPORT AND RECOMMENDATION [58] AND GRANTING DEFENDANTS' MOTION TO DISMISS [53]

Plaintiff, a prisoner proceeding pro se, has brought claims against Michigan Department of Corrections (hereinafter "MDOC") officials, alleging violations of his 5th, 6th, 8th, and 14th Amendment rights, pursuant to 42 U.S.C. § 1983. On August 11, 2016, the Magistrate Judge issued a Report and Recommendation (R&R) [58] advising the Court to grant Defendants' Motion to Dismiss [53]. Neither party filed Objections to the R&R.

For the reasons stated below, the Court adopts the R&R [58]. Defendants' Motion to Dismiss [53] is **GRANTED** and MDOC defendants William Bedell, Robert Brown, Jr., and Kenneth Robinson are **DISMISSED** with prejudice.

## I. Factual Background

The Court adopts the factual background as set out in the R&R [58] in full.

## II. Legal Standard

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When deciding a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The plaintiff establishes facial plausibility by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank F.S.B.*, 727 F.3d 502, 603 (6th Cir. 2013). Though the Court holds pro se plaintiffs to less stringent standards than formal pleadings drafted by lawyers, "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012).

### III. Analysis

Plaintiff alleges that Defendants, officers of the Michigan Department of Corrections, violated his 5th, 6th, 8th, and 14th Amendment rights, pursuant to 42 U.S.C. § 1983. Defendants have moved to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's complaint is time-barred for failing to commence the suit within the applicable period of limitations. Defendants also argue that MDOC Director Robert Brown, Jr. should be dismissed because he was not personally involved in the alleged unconstitutional activity, thereby precluding liability under § 1983.

### A.   Statute of Limitations

Because Congress did not adopt a statute of limitations governing § 1983 actions, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 claim was brought." *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985)). The statute of limitations that is used for § 1983 actions arising in Michigan is the three-year limitations period for personal injury claims. *Drake v. City of Detroit, Michigan*, 266 Fed. Appx. 444, 448 (6th Cir. 2008) (citing MICH. COMP. LAWS § 600.5805(10)); *see also Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004). It is also important to note that imprisonment is no longer considered a disability that tolls the accrual of the statute of limitations. *Manning v. Bolden*, 25 Fed. Appx. 269, 271 (6th Cir. 2001); *see also Jones v. McCormick*, 2016

U.S. Dist. LEXIS 62311, at *7 (E.D. Mich. 2016) (explaining that imprisonment has been eliminated "as a disability that tolled a limitation period.")

Plaintiff's complaint arises from events that occurred in October of 1986, about 27 years ago. Plaintiff argues that his complaint is preserved by MICH. COMP. LAWS § 600.5851(10), allowing him to file his action within one year after his release from imprisonment. Plaintiff maintains that he was not completely discharged from MDOC authority until May 7, 2015, his parole expiration date, and that his claims were not time barred until May 8, 2016.

MICH. COMP. LAWS § 600.5851(10) provides:

> If a person died or was released from imprisonment[1] at any time within the period of 1 year preceding the effective date of the 1993 amendatory act that added this subsection, and that person had a cause of action to which the disability of imprisonment would have been applicable under the former provisions of this section on the date of his or her death or release from imprisonment, an entry may be made or an action may be brought under this act for that cause of action within 1 year after the date of his or her death or release from imprisonment, or within any other applicable period of limitation provided by law.

Plaintiff is correct when he asserts that his final release from imprisonment, as defined by the statute, occurred on May 7, 2015, the date on which the parole period ended. However, in order for § 600.5851(10) to apply, the claimant must have been "released from imprisonment at any time within the period of 1 year preceding the effective date of the 1993 amendatory act." The legislative

---

[1] *See* MICH. COMP. LAWS § 600.5851(11) defines "release from imprisonment" as either "a final release or discharge from imprisonment in a county jail," or "release on parole or a final release or discharge from imprisonment in a state or federal correctional facility."

amendments became effective on April 1, 1994[2]; as Plaintiff indicates, he was not released from his term of incarceration until May 7, 2015. Therefore, §600.5851(10) does not apply, and Plaintiff cannot take advantage of the one-year grace period.

"The statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Though Plaintiff knew of his injuries at the time the beating allegedly occurred on October 26, 1986 (which is also the date on which the statute of limitations began to accrue), he did not bring a claim until May 8, 2014, approximately 27 years later. Thus, Plaintiff's claims must be dismissed as time-barred.

**B.   Personal Involvement of MDOC Director Robert Brown, Jr.**

Plaintiff argues that Defendant MDOC Director Robert Brown, Jr. is liable because he failed to investigate the alleged incident and did not seek disciplinary and/or criminal charges against the officers involved. Defendant Brown argues that he is entitled to dismissal because he was not personally involved in the alleged unconstitutional activity.

"At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional

---

[2] See *Manning v. Bolden*, 25 Fed. Appx. 269, 271 (6th Cir. 2001) ("[E]ffective April 1, 1994, the Michigan legislature amended the statute in order to abolish imprisonment as a disability that would toll the accrual of the statute of limitations.").

conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert denied*, 469 U.S. 845 (1984); *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995). Furthermore, liability under § 1983 will not be imposed solely upon the basis of respondeat superior. "There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Knott v. Sullivan*, 418 F.3d 561, 574 (6th Cir. 2005) (*citing Bellamy*, 729 F.2d at 421). Finally, "[l]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (internal quotations omitted).

Plaintiff has failed to assert any factual allegations regarding Defendant Brown's personal involvement in the acts of October 26, 1986. He argues that Director Brown took no steps to investigate the alleged beating and that he did not seek to punish the MDOC officers involved. However, these assertions are insufficient to impose liability on supervisory personnel under § 1983, and therefore, Director Brown is entitled to dismissal. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) ("[A] supervisory official's failure to supervise, control, or train the offending individual is not actionable, unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it") (internal citations omitted).

## IV. Conclusion

For the foregoing reasons, the Court hereby adopts the R&R [58]. The Court holds that Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983; that Plaintiff's claims are time-barred; and that William Bedell, Robert Brown, Jr., and Kenneth Robinson are entitled to dismissal. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [53] is **GRANTED.** MDOC defendants William Bedell, Robert Brown, Jr., and Kenneth Robinson are **DISMISSED** with prejudice.

**SO ORDERED**.

Dated: September 16, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge