UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL DUDLEY EL, | Case No. 14-11927 |
|     Plaintiff, | Arthur J. Tarnow |
| v. | United States District Judge |
| DONALD MAKOWSKI, ET AL., | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
|     Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**FOR RULE 41B DISMISSAL OF DEFENDANT DAN BOLDEN**

Plaintiff, Darryl Dudley El filed a civil rights Complaint on May 8, 2014. (Dkt. 1). The events giving rise to the Complaint concern actions that occurred while plaintiff was incarcerated at the Huron Valley Men's Correctional Facility in Ypsilanti, Michigan.

On September 18, 2014, the U.S. Marshals Service acknowledged receipt of service of process documents with respect to several defendants including, Dan Bolden. (Dkt. 9, Pg ID 40). On September 30, 2014, a waiver of service was returned unexecuted as to Mr. Bolden. (Dkt. 10). On June 3, 2015, District Judge Arthur J. Tarnow referred all pretrial matters to Magistrate Judge Michael Hluchaniuk, and on January 5, 2016, all pretrial matters were reassigned to the undersigned. (Dkt. 18; *see also* Text-Only Order dated January 5, 2016).

1

Because Mr. Bolden could not be found at the work address provided by plaintiff, on October 6, 2015, the court ordered the Michigan Department of Corrections ("MDOC") to furnish the U.S. Marshals Service with Mr. Bolden's last-known address to effectuate service. (Dkt. 41). Having not received a response, on September 30, 2016, the court issued a summons on Mr. Bolden informing him that within 21 days after service he must serve an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure. (Dkt. 65). On December 28, 2016, a waiver of service was returned unexecuted as to Mr. Bolden. (Dkt. 70). In the Remarks section of the Process Receipt and Return, the Marshals Service indicated: "Bolden is Deceased - Date of Death - 12/28/2015." (Dkt. 70, Pg ID 254).

On April 4, 2017, the court ordered plaintiff to show cause, in writing, by April 18, 2017, why defendant Dan Bolden should not be dismissed given that he is deceased. (Dkt. 75). The Order to Show Cause warned plaintiff that "[f]ailure to satisfactorily or timely comply with this Order will result in a recommendation that the action against defendant Dan Bolden be dismissed." (*Id*.) On April 20, 2017, plaintiff filed a document entitled "Agreement to Stipulate with the Court Order". (Dkt. 75). While the court construed this document to be plaintiff's response to the show cause order, the content of the document did not respond to the court's order regarding Mr. Bolden. (*See* Dkt. 75).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendant Dan Bolden be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b).

## II. ANALYSIS AND CONCLUSIONS

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

3

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). On balance, these factors weigh in favor of dismissal here. With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. The undersigned notes that this case has been pending for over three years, which is inclusive of an approximate 19-month window of time that preceded Mr. Bolden's reported death. During that time the court has utilized all available resources to accomplish service on Mr. Bolden, including personal service, which ultimately resulted in the revelation that Mr. Bolden died in December 2015. (Dkt. 70, Pg ID 254). The undersigned concludes that plaintiff's failure to respond to this court's show cause order

4

regarding why the decedent Mr. Bolden should not be dismissed, amounts to abandonment for the purpose of this analysis. Thus, the first factor weighs in favor of dismissal; and the second factor, prejudice to an adversary, is inapposite in view of Mr. Bolden's apparent death.

Regarding the third factor the court must consider, the explicit warning plaintiff received from the court that failure to satisfactorily or timely comply with the show cause order "will result in a recommendation that the action against defendant Dan Bolden be dismissed," also clearly weighs in favor of dismissal. (Dkt. 75). This court does not hesitate to dismiss cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, where defendants expended resources on an abandoned action and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). In this case, the Court warned plaintiff in writing that dismissal in defendant's favor would be granted if he failed to respond to the order to show cause. Plaintiff filed a response which wholly failed to address the subject of the court's order to show cause.[1] (Dkt. 75). *See Labreck*

---

[1] Curiously, plaintiff entitled his response, "Agreement to Stipulate With Court Order," which may indicate concurrence in the dismissal of the suit against Dan Bolden, but since the substance of the stipulation portion of his response states only, "April 18th, 2017 stated determination by This Honorable Court (sic) is suitable to Plaintiff. Therefore plaintiff agree (sic) and stipulate that those defendants served continue under single party in a conspiracy follow; as permissable under 42 USCA #(sic) 1985(3)," it is unclear whether this is, in fact, the case. (Dkt. 77, Pg ID 269).

5

*v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013). And finally, given that Mr. Bolden is deceased and plaintiff's failure to address why Mr. Bolden should not be dismissed in his response to the order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the

6

applicable procedures and possible consequences for failure to respond adequately).

The undersigned concludes that, for the reasons discussed above, plaintiff has apparently abandoned his case against defendant Bolden (who is deceased) by failing to comply with the show cause order of the Court. Under these circumstances, dismissal with prejudice is appropriate.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against defendant Bolden be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 26, 2017	s/Stephanie Dawkins Davis
　　　　　　　　　　　　　　　　　Stephanie Dawkins Davis
　　　　　　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on May 26, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Darryl Dudley El, 5713 McDougall, Floor 1, Detroit, MI 48211.

　　　　　　　　　　　　　　　　　s/Tammy Hallwood
　　　　　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　　　　　(810) 341-7887
　　　　　　　　　　　　　　　　　tammy_hallwood@mied.uscourts.gov