UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL DUDLEY EL, | Case No. 14-11927 |
| Plaintiff, | Arthur J. Tarnow |
| v. | United States District Judge |
| DONALD MAKOWSKI, ET AL., | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
RULE 41B DISMISSAL OF DEFENDANTS DONALD MAKOWSKI,
LELAND PUTNAM, CARL MAYNARD, JACK BEESON, G. S. GRAY,
EVERTT ELKINS, GENE BOGERT AND KENNETH MCGINNIS**

**I.   PROCEDURAL HISTORY**

Plaintiff, Darryl Dudley El filed a civil rights Complaint on May 8, 2014. (Dkt. 1).  The events giving rise to the Complaint concern actions that occurred while plaintiff was incarcerated at the Huron Valley Men's Correctional Facility in Ypsilanti, Michigan.

On September 18, 2014, the U.S. Marshals Service acknowledged receipt of service of process documents with respect to several defendants including, Donald Makowski, Leland Putnam, Carl Maynard, Jack Beeson, G. S. Gray, Evertt Elkins, Gene Bogert and Kenneth McGinnis.  (Dkt. 9).  On September 30, 2014, a wavier of service was returned unexecuted as to defendants Bogert and McGinnis.  (Dkt.

1

10).  On October 7, 2014, two separate waivers of service were returned unexecuted as to defendants Gray and Beeson.  (Dkt. 11, 12).  On November 3, 2014, a wavier of service was returned unexecuted as to defendant Elkins.  (Dkt. 13).

On June 3, 2015, District Judge Arthur J. Tarnow referred all pretrial matters to Magistrate Judge Michael Hluchaniuk, and on January 5, 2016, all pretrial matters were reassigned to the undersigned.  (Dkt. 18; *see also* Text-Only Order dated January 5, 2016).  On October 6, 2015, the court ordered the Michigan Department of Corrections ("MDOC") to provide the U.S. Marshals Service with defendants Putnam, Bogert and McGinnis' last known addresses as these defendants could no longer be found at the work address provided by plaintiff.  (Dkt. 37, 38, 40, 42).  On October 28, 2015, a waiver of service was returned unexecuted as to defendant Putnam.  (Dkt. 45).  On November 4, 2015, separate waivers of service were returned unexecuted as to defendants McGinnis and Bogert.  (Dkt. 48, 49).

On September 29, 2016, the court ordered plaintiff to provide correct addresses for defendants Makowski, Putnam, Maynard, Beeson, Gray, Elkins, Bogert and McGinnis by October 31, 2016, so that service could be effectuated.  (Dkt. 64).  The court cautioned plaintiff that "if the Marshal is unable to effectuate service on the defendants with the information thus far provided, the onus remains

on plaintiff to discover and submit sufficient information for service of all defendants he has named in his lawsuit." (Dkt. 64, Pg ID 232-233). The court continued, if any defendant remains unserved after the expiration of the extended summons, on January 30, 2017, "plaintiff may be required to show 'good cause' why this action should not be dismissed." (*Id*. at 233).

When plaintiff did not provide correct addresses for defendants Makowski, Putnam, Maynard, Beeson, Gray, Elkins, Bogert, and McGinnis by the court's deadline, the court ordered plaintiff to show cause in writing by April 18, 2017 why the court should not recommend dismissal under Rule 4(m) for failure to provide the correct addresses so that service could be effectuated in a timely manner. (Dkt. 76). The Order to Show Cause warned plaintiff that "**[f]ailure to satisfactorily or timely comply with this order will result in a recommendation that the action against defendants Makowski, Putnam, Maynard, Beeson, Gray, Elkins, Bogert, and McGinnis should be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 41.2.**" *Id.* (emphasis in original).

On April 20, 2017, plaintiff filed a document entitled "Agreement to Stipulate with the Court Order"; however, this document did not provide correct addresses for any of the identified defendants, nor did it offer "good cause" as to why those addresses have not been provided. (*See* Dkts. 75, 76).

3

Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants Makowski, Putnam, Maynard, Beeson, Gray, Elkins, Bogert and McGinnis be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b).

## II. ANALYSIS AND CONCLUSIONS

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173

4

F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). On balance, these factors weigh in favor of dismissal here. With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. The undersigned notes that this case has been pending for over three years. During this time the court has utilized all available resources to accomplish service on the remaining defendants, including requests to both MDOC and plaintiff to provide correct addresses. For these reasons, the first and second factors weigh in favor of dismissal.

Moreover, based on the multiple warnings given to plaintiff, the third factor also clearly weighs in favor of dismissal. This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, where defendants expended resources on an abandoned action and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). Importantly, despite the court's warnings that his action may be dismissed, plaintiff failed to respond to the court's order to provide correct addresses (Dkt. 64) and to the court's order to show cause regarding why those addresses have not been provided (Dkt. 76). Indeed, the court specifically warned plaintiff that it was his responsibility to submit sufficient information so that all defendants could be served. (*See* Dkt. 64). The court expressly told plaintiff that if any defendant remained unserved after the extended summons expired, plaintiff "may be required to show good cause why this action should not be dismissed." (*Id*. at 233). And, in the show cause order, the court indicated that a failure to respond "**will result in a recommendation that the action against [the remaining defendants] ... be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 41.2.**" (*Id*.) (emphasis in original). Despite these warnings, plaintiff has provided no addresses for the remaining defendants, nor has he offered a "good reason" why those addresses have not been provided. (Dkt. 76); *see Labreck v. U.S. Dep't*

*of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013).

And finally, given plaintiff's failure to provide addresses for the remaining defendants in response to the court's order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute. It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures

and possible consequences for failure to respond adequately).

The undersigned concludes that, for the reasons discussed above, plaintiff has effectively abandoned his case against defendants Makowski, Putnam, Maynard, Beeson, Gray, Elkins, Bogert and McGinnis by failing to comply with the show cause order of the Court. Under these circumstances, dismissal with prejudice is appropriate.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants Makowski, Putnam, Maynard, Beeson, Gray, Elkins, Bogert and McGinnis be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 1, 2017	s/Stephanie Dawkins Davis
	Stephanie Dawkins Davis
	United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on June 1, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Darryl Dudley El, 5713 McDougall, Floor 1, Detroit, MI 48211.

	s/Tammy Hallwood
	Case Manager
	(810) 341-7887
	tammy_hallwood@mied.uscourts.gov