UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL DUDLEY EL,                                Case No. 14-11927

       Plaintiff,                              Arthur J. Tarnow
v.                                                           United States District Judge

DONALD MAKOWSKI, ET AL.,                  Stephanie Dawkins Davis
                                                             United States Magistrate Judge
       Defendant.
_____/

**REPORT AND RECOMMENDATION**
**RULE 41B DISMISSAL OF DEFENDANT ROYZER**

**I.       PROCEDURAL HISTORY**

Plaintiff, Darryl Dudley El filed a civil rights Complaint on May 8, 2014. (Dkt. 1). The events giving rise to the Complaint concern actions that occurred while plaintiff was incarcerated at the Huron Valley Men's Correctional Facility in Ypsilanti, Michigan.

On September 18, 2014, the U.S. Marshals Service acknowledged receipt of service of process documents with respect to several defendants including, Dennis Royzer. (Dkt. 9, Pg ID 37). On June 3, 2015, District Judge Arthur J. Tarnow referred all pretrial matters to Magistrate Judge Michael Hluchaniuk, and on January 5, 2016, all pretrial matters were reassigned to the undersigned. (Dkt. 18; *see also* Text-Only Order dated January 5, 2016). On December 3, 2015, a wavier

of service was returned unexecuted as to defendant Royzer. (Dkt. 51).

On September 29, 2016, the court ordered personal service as to defendant Royzer at the last known address provided by the Michigan Department of Corrections, after service by mail was returned unexecuted. (Dkt. 63). On May 1, 2017, service was again returned unexecuted as to defendant Royzer. (Dkt. 78). The Process Receipt and Return of Service indicated that the Marshals Service had attempted service on three separate occasions and had been unable to effectuate service on defendant Royzer. (*Id.*)

Based on the foregoing, the court ordered plaintiff to show cause, in writing, by **JUNE 9, 2017**, why the undersigned should not recommend dismissal under Rule 4(m) as to defendant Royzer, as service could not be effectuated. (Dkt. 79). The court cautioned plaintiff that **"[f]ailure to satisfactorily or timely comply with this order will result in a recommendation that the action against defendant Royzer should be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 41.2."** (*Id.*) (emphasis in original).

As of the date of this Report and Recommendation, plaintiff has not filed a response to the court's order to show cause. Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendant Royzer be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b).

## II. ANALYSIS AND CONCLUSIONS

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad

3

> faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). On balance, these factors weigh in favor of dismissal here. With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. The undersigned notes that this case has been pending for over three years. During this time the court has utilized all available resources to accomplish service on defendant Royzer, including attempted personal service by the Marshals Service. For these reasons, the first and second factors weigh in favor of dismissal.

Moreover, based on the warning given to plaintiff, the third factor also clearly weighs in favor of dismissal. This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, where defendants expended resources on an

abandoned action and lesser sanctions would prove useless. *See e.g., Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). Importantly, despite the court's warning that his action may be dismissed, plaintiff failed to respond to the court's order to show cause as to defendant Royzer. (Dkt. 79). Indeed, the court specifically warned plaintiff he must show cause why dismissal was not appropriate as to defendant Royzer as the Marshals Service could not accomplish service of process. Indeed, the show cause order indicated that a failure to respond "**will result in a recommendation that the action against defendant Royzer ... be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 41.2.**" (*Id.*) (emphasis in original). Despite this warning, plaintiff has provided no good reason why the undersigned should not dismiss defendant Royzer for lack of service. (Dkt. 79); *see Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013).

And finally, given plaintiff's failure to respond to the court's order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute. It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*,

2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).

The undersigned concludes that, for the reasons discussed above, plaintiff has effectively abandoned his case against defendant Royzer by failing to comply with the show cause order of the Court. Under these circumstances, dismissal with prejudice is appropriate.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against defendant Royzer be **DISMISSED** with prejudice

6

under Federal Rule of Civil Procedure 41(b).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: June 28, 2017                    s/Stephanie Dawkins Davis
                                       Stephanie Dawkins Davis
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on June 28, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Darryl Dudley El, 5713 McDougall, Floor 1, Detroit, MI 48211.

                                       s/Tammy Hallwood
                                       Case Manager
                                       (810) 341-7887
                                       tammy_hallwood@mied.uscourts.gov