UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL DUDLEY EL,                    Case No. 14-11927

    Plaintiff,                        Arthur J. Tarnow
v.                                    United States District Judge

DONALD MAKOWSKI, ET AL.              Stephanie Dawkins Davis
                                      United States Magistrate Judge
    Defendants.
_____/

**REPORT AND RECOMMENDATION
RULE 41(B) DISMISSAL OF DOE DEFENDANT AND
TERMINATING MOTION FOR EXTENSION OF TIME TO FILE
RESPONSE (DKT. 87) AS MOOT**

**I.    PROCEDURAL HISTORY**

Plaintiff, Darryl Dudley El filed a civil rights Complaint on May 8, 2014. (Dkt. 1). The events giving rise to the Complaint concern actions that occurred while plaintiff was incarcerated at the Huron Valley Men's Correctional Facility in Ypsilanti, Michigan.

In his original complaint, plaintiff named several defendants, including one unnamed "Fourteenth John Doe" defendant. *Id.* at Pg ID 1. On June 3, 2015, District Judge Arthur J. Tarnow referred all pretrial matters to Magistrate Judge Michael Hluchaniuk, and on January 5, 2016, all pretrial matters were reassigned to the undersigned. (Dkt. 18; *see also* Text-Only Order dated January 5, 2016).

1

On June 28, 2017, the undersigned entered an order for plaintiff to provide the name and address of the John Doe defendant. (Dkt. 83). The court reminded plaintiff that:

> An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving on him or her a summons and copy of the complaint. Where, as here, a plaintiff is proceeding without having to prepay the filing fee, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service on the defendants once the plaintiff has properly identified them in the complaint.

(Dkt. 83, Pg ID 298). As it stands, the court is unable to serve the John Doe defendant. As such, the court ordered plaintiff to identify the John Doe defendant by his/her full name and supply the court with the necessary address by <u>July 11, 2017</u> so that service may be effectuated. *Id.* at Pg ID 299. The court cautioned plaintiff that "if the Marshal is unable to effectuate service on this defendant with the information thus far provided, the onus remains on plaintiff to discover and submit sufficient information for service of all defendants he has named in this lawsuit." *Id.* The court further instructed that plaintiff may be required to show "good cause" why this action should not be dismissed, without prejudice, as against any defendant that remains unserved. *Id.*

On July 12, 2017, a review of the docket indicated that plaintiff had not

provided the name and address for service for the John Doe defendant, therefore, the court ordered plaintiff to show cause, in writing, by July 19, 2017, why the undersigned should not recommend dismissal under Rule 4(m) for failure to provide the correct name and address so that service could be effectuated in a timely fashion. (Dkt. 86). The court cautioned plaintiff that "**[f]ailure to satisfactorily or timely comply with this order will result in a recommendation that the action against defendant "[] John Doe []" should be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 41.2.**" *Id.* (emphasis in original).

Despite this case being pending for over three years, on July 19, 2017, plaintiff filed a document requesting a 60-day extension of time to, in part, file a response to the court's show cause order to identify by name and provide an address for the John Doe defendant.[1] (Dkt. 87). For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against the John Doe defendant be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b), and that the pending motion (Dkt. 87) be **TERMINATED** as **MOOT**.

---

[1] In his request for extension, plaintiff also indicated a desire to seek discovery regarding several defendants who have previously been dismissed from the case. (Dkt. 87, Pg ID 314). Plaintiff's request is wholly improper and has been mooted by the court's dismissal of these defendants.

## II. ANALYSIS AND CONCLUSIONS

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving on him or her a summons and copy of the complaint. Where, as here, a plaintiff is proceeding without having to prepay the filing fee, the district court bears the responsibility of issuing the plaintiff's process to a United States Marshal, who must effectuate service on the defendants once the plaintiff has properly identified them in the complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Failure to identify and serve Doe defendants (or provide names and addresses for these defendants to the U.S. Marshals Service to permit it to effectuate service), constitutes failure to prosecute and warrants a dismissal of this case under both Rules 4(m) and 41(b). *Miller v. Michigan Dep't of Corrections Healthcare Providers,* 986 F.Supp. 1078, 1079 (W.D. Mich. 1997); *see also, Pravda v. City of Albany*, 178 F.R.D. 25, 26 (N.D.N.Y. 1998). Indeed, "[i]n general, the use of unnamed defendants is not favored in the federal courts." *Haddad v. Fromson*, 154 F.Supp.2d 1085, 1093 (W.D. Mich. 2001); *Burnett v. Marschke*, No. 09-00225, 2010 WL 502712, at *3 (W.D. Mich. Feb. 5, 2010) ("[t]he use of fictitious names of Jane and John Doe is permitted only in limited circumstances" and determining from the case law that such circumstances require

5

"at least one named party and discovery from that party [that] may eventually allow the true identity of the Jane or John Doe to be discovered"). Here, in the pre-suit years, and in the over three years since the case has been pending, plaintiff has not attempted to discover the identity of, name, or serve the John Doe defendant.

Additionally, the Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). All four factors weigh in favor of dismissal here. First, fault lies with the plaintiff for his failure to identify and cause proper service on the John Doe defendant. This matter has been pending more than three years and no attempts to identify, name, or serve the John Doe defendant have been made. While it would be a stretch to suggest that plaintiff's conduct was calculated to "thwart judicial proceedings," as referenced in *Wu*, 420 F.3d at 643, it is not altogether inaccurate to characterize plaintiff's inaction to be in reckless disregard of its effect on these proceedings - including

decreasing judicial economy. *Id.* Second, even if the John Doe defendant were to be identified at this point, the three-year lapse of time since the filing of this matter and an even longer period since the underlying facts at issue arose, has likely adversely impacted the quality of evidence available to the defense due to diminished memories and lack of preservation of evidence potentially necessary for a robust defense. Moreover, the likelihood of compromised evidentiary value increases the risk of prejudice to the still-to-be-named defendant. The undersigned specifically notes that the court previously ruled that plaintiff's claims against the MDOC defendants were time-barred because the underlying actions giving rise to the instant complaint occurred in October 1986, <u>some 27 years before the filing of plaintiff's complaint</u>. (Dkt. 59, 71). Inasmuch as plaintiff's factual averments as to all defendants pertain to that same time period, any claim against a potential Doe defendant would very likely not survive a motion to dismiss based on a statute of limitation grounds. Third, the Court warned plaintiff multiple times in writing that dismissal in defendant's favor would be granted if he failed to file a response to the order to show cause or to provide the Court with defendant's full name and addresses. (Dkt. 83, 86). Finally, the Court already utilized less drastic measures in an effort to coax plaintiff into compliance when it issued plaintiff an extension of time to identify the John Doe defendant, and subsequently issued a separate Order to Show Cause.

7

However, none of the Court's efforts have been availing. Accordingly, none of the four factors weigh against and three of the four (factors one, three and four) definitively weigh in favor dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).

More specifically, a Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding her current

8

address. *Watsy v Richards*, 1987 WL 37151 (6th Cir. 1987). The undersigned concludes that, for the reasons discussed above, plaintiff has apparently abandoned this case by repeatedly failing to comply with orders of the Court and by otherwise failing to provide the Court with the name and address of the John Doe defendant. The Court underscores that it is plaintiff's burden to specifically identify each defendant against whom relief is sought. Plaintiff has had over three years to identify the John Doe defendant, yet plaintiff has undertaken no efforts to identify, name, or serve him or her. Under these circumstances, dismissal with prejudice is appropriate. Given the foregoing conclusions, the undersigned also recommends that the pending motion for an extension to file a response be terminated as moot.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against Doe defendant be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion (Dkt. 87) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 11, 2017               s/Stephanie Dawkins Davis
                                    Stephanie Dawkins Davis
                                    United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I certify that on <u>August 11, 2017</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant(s): <u>Darryl Dudley El, 5713 McDougall, Floor 1, Detroit, MI 48211.</u>

                                                <u>s/Tammy Hallwood</u>
                                                Case Manager
                                                (810) 341-7887
                                                tammy_hallwood@mied.uscourts.gov