UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL DUDLEY EL, | Case No. 14-11927 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| DONALD MAKOWSKI, ET AL., | U.S. MAGISTRATE JUDGE |
| | STEPHANIE DAWKINS DAVIS |
| Defendants. | |

**ORDER ADOPTING REPORT AND RECOMMENDATION [89]; DISMISSING JOHN DOE DEFENDANT; DENYING REQUEST FOR 60-DAY EXTENSION TO FILE A RESPONSE [87]; AND DISMISSING CASE WITH PREJUDICE**

Plaintiff Darryl Dudley El, a *pro se* prisoner, brought claims against the Michigan Department of Corrections ("MDOC"), MDOC officials, and the Michigan Department of State Police, alleging violations of his 5th, 6th, 8th, and 14th Amendment rights, pursuant to 42 U.S.C. § 1983. At this time, an unnamed "John Doe" is the only remaining defendant[1] in this case.

On August 11, 2017, the Magistrate Judge issued a Report and Recommendation (R&R) [Dkt. #89] advising the Court to dismiss the John Doe defendant and terminate as moot Plaintiff's Request for 60-Day Extension to File a Response [87]. Plaintiff filed an Objection [90] on August 25, 2017.

---

[1] The Magistrate Judge treats the John Doe defendant as one individual. However, according to Plaintiff, there are 14 "John Doe persons," all of whom are Michigan State troopers. *See* Obj. at 3.

## PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit on May 8, 2014, over three years ago. On June 28, 2017, the Magistrate Judge ordered Plaintiff to provide the name and address of the John Doe defendant so that the U.S. Marshal could effectuate service. Plaintiff failed to comply with the Magistrate Judge's Order [83] by the July 11, 2017 deadline.

On July 12, 2017, the Magistrate Judge issued an Order to Show Cause [86] directing Plaintiff to explain, in writing, why this matter should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to provide the correct name and address so that service could be timely effectuated. The Magistrate Judge warned Plaintiff that

> Failure to satisfactorily or timely comply with this order will result in a recommendation that the action against defendant "Fourteenth John Doe Persons" should be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 41.2.

(Dkt. 86 at 1-2).

Plaintiff's response to the show cause order was due on July 19, 2017. Rather than filing a response, Plaintiff requested a 60-day extension of time to, in part, respond to the show cause order and provide the Court with an address for the John Doe defendant.

## ANALYSIS

Plaintiff claims that he is doing everything in his power to identify "and bring to justice" the John Doe defendants. Obj. at 3. Plaintiff also "disagree[s] with the

substances that the Magistrate attaches to the facts." *Id.* at 4, 5. Plaintiff claims that the Magistrate Judge is biased and that she must be relieved from this case. *Id.* at 5.

Pursuant to Fed. R. Civ. P. 41(b), the Court has the power to *sua sponte* dismiss a case for failure to prosecute or comply with a court order. *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). The Court "can dismiss an action for noncompliance . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999). The Sixth Circuit considers the following factors in reviewing a district court's decision to dismiss a case for failure to prosecute or comply with a court order:

> (1) whether the party's failure is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Tung-Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The Magistrate Judge found that all four factors weighed against Plaintiff, explaining:

> First, fault lies with the plaintiff for his failure to identify and cause proper service on the John Doe defendant. This matter has been pending more than three years and no attempts to identify, name, or serve the John Doe defendant

have been made . . . it is not altogether inaccurate to characterize plaintiff's inaction to be in reckless disregard of its effect on these proceedings – including decreasing judicial economy. Second, even if the John Doe defendant were to be identified at this point, the three-year lapse of time since the filing of this matter and an even longer period since the underlying facts at issue arose, has likely adversely impacted the quality of evidence available to the defense due to diminished memories and lack of preservation of evidence potentially necessary for a robust defense. Moreover, the likelihood of compromised evidentiary value increases the risk of prejudice to the still-to-be-named defendant . . . the court previously ruled that plaintiff's claims against the MDOC defendants were time-barred because the underlying actions giving rise to the instant complaint occurred in October 1986, some 27 years before the filing of plaintiff's complaint. (Dkt. 59, 71). Inasmuch as plaintiff's factual averments as to all defendants pertain to that same time period, any claim against a potential Doe defendant would very likely not survive a motion to dismiss based on a statute of limitation grounds. Third, the Court warned plaintiff multiple times in writing that dismissal in defendant's favor would be granted if he failed to file a response to the order to show cause or to provide the Court with defendant's full name and addresses. (Dkt. 83, 86). Finally, the Court already utilized less drastic measures in an effort to coax plaintiff into compliance when it issued plaintiff an extension of time to identify the John Doe defendant, and subsequently issued a separate Order to Show Cause. However, none of the Court's efforts have been availing.

(R&R at 6-8).

Plaintiff claims that he has exercised his due diligence in attempting to identify and serve the John Doe defendants. According to Plaintiff, he wrote to the Michigan Attorney General's Office requesting that "critically important documents" pertaining to the 14 state troopers be disclosed.[2] There is no information about when or to whom Plaintiff submitted his request, nor does Plaintiff explain whether he received a response to his request and what that response contained.

---

[2] In his request for the extension, Plaintiff asked the Court to serve written deposition questions on Mr. Allen J. Soros, counsel for former defendants William Bedell, Robert Brown, Jr., and Kenneth Robinson. (Dkt. 87).

Plaintiff has had ample time – more than three years – to ascertain the identities of these John Doe defendants. Moreover, although *pro se* litigants are entitled to leeway from the courts, such flexibility and "lenient treatment . . . has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

This is Plaintiff's third request for an extension of time to respond. Plaintiff requested, and was granted, a 30-day extension to respond to Defendants' Motion to Dismiss on February 8, 2016. In addition, the Magistrate Judge gave Defendant multiple opportunities to provide the names and addresses of the John Doe defendants. *See* Dkt. 83, 86. Notwithstanding the Magistrate Judge's repeated warnings, Plaintiff has failed to comply with the court's orders. Under such circumstances, the Court believes that dismissal is warranted pursuant to Fed. R. Civ. P. 41(b).

To the extent that Plaintiff seeks recusal of the Magistrate Judge, the Court finds that Plaintiff has forfeited whatever argument he intended to present for failure to develop it. *See, e.g., Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 618 n.9 (6th Cir. 2014) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)). Plaintiff merely sets forth conclusory statements about the Magistrate Judge's "favor for law enforcement agents." Obj. at 5. Plaintiff does not allege facts that would indicate the Magistrate Judge's bias or prejudice against him. *See Reed-Bey v. Pramstaller*, No. 06-10934, 2011 WL 37964, at *2 (E.D. Mich. Jan. 5, 2011).

## CONCLUSION

The Court having reviewed the record, the Report and Recommendation [89] is hereby **ADOPTED** and entered as the findings and conclusions of the Court. Accordingly,

**IT IS ORDERED** that Defendant John Doe is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for 60-Day Extension to File a Response [87] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

Dated: September 28, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge